**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ARTHUR BARNES,

Appellant,

v. No. 1:26-cv-03827-LF

SPIRIT AEROSYSTEMS INC.,

Appellee.

**ORDER TO SHOW CAUSE**

Arthur Barnes, who is proceeding *pro se*, was the plaintiff a case in the United States District Court for the District of Kansas ("Kansas Court"), *Barnes v. Spirit Aerosystems, Inc.*, No. 6:12-cv-01032 (D. Kansas) ("*Barnes I*"). *See* Doc. 1 at 1. The Kansas Court granted summary judgment in favor of Barnes' former employer Spirit Aerosystems, Inc. and entered Judgment on January 15, 2013. *See* Doc's 63-64, in *Barnes I*. The United States Court of Appeals for the Tenth Circuit affirmed the Kansas Court's order granting summary judgment and judgment. *See* Appeal Mandate, Doc. 73, filed October 28, 2013, in *Barnes I*.

On October 9, 2026, the Kansas Court imposed filing restrictions on Barnes based on his filing of consecutive frivolous motions following dismissal of *Barnes I*. *See* Doc. 99, filed in *Barnes I*. Four weeks later, Barnes filed an appeal which is now before this Court.

Barnes states: "This court has jurisdiction over appeals from the District of Kansas (10th [C]ircuit)." Doc. 1 at 1. Barnes does not, however, cite any legal authority showing that the United States District Court for the District of New Mexico has jurisdiction to resolve an appeal of a judgment of the United States District Court for the District of Kansas. *See* Fed. R. App. P. 1(a) (the Rules of Appellate Procedure "govern procedure in the United States courts of appeals").

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988)).

The Court orders Barnes to show cause why the Court should not dismiss this matter for lack of jurisdiction. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)). The response to this Order must cite legal authority that clearly shows this Court has jurisdiction to resolve his appeal from an order and judgment of the United States District Court for the District of Kansas. If Barnes asserts that this Court has jurisdiction over this matter, Barnes must file an amended complaint that cites legal authority and alleges facts supporting jurisdiction.

**Notice Regarding Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local*

> *Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Arthur Barnes shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this matter for lack of jurisdiction; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this matter.

Laura Fashing
United States Magistrate Judge